UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Mills Companies Employee Welfare Benefit Plan Trust,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Wayne Russ,

Defendant. Civ. No. 01-1225 (JMR/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 23rd day of January, 2002.

* * *

This matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

The cause of action was commenced on July 5, 2001, by the filing of a Complaint with the Clerk of Court. On December 10, 2001, it having appeared that one hundred and twenty (120) days had passed, and that the Defendant had not been served with the Complaint and Summons, as required by Rule 4(m), Federal Rules of Civil Procedure, we issued an Order, which directed as follows:

> That counsel for the Plaintiff is directed to show good cause, in writing, within twenty

FILED JAN 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (20) days of the date of this Order, for an extension of time in which service can be effectuated. In the absence of good cause shown, the Court shall Recommend that this action be dismissed for failure to effect proper service upon the Defendant and for failure of prosecution.

Counsel for the Plaintiff has failed to abide by the terms of our directive. As of this date, more than one full month after our Order, the Court has not received, from the Plaintiff, any submission, let alone one that constitutes a showing that good cause exists not to Recommend that its action be dismissed for a failure of service, and for a lack of prosecution.[1]

---

[1]We note that, apparently in response to our Order of December 10, 2001, the Defendant failed a "Waiver of Service," pursuant to Rule 4(d)(3), Federal Rules of Civil Procedure, together with a proposed Order for our signature. The "Waiver" appears to have been signed by the Defendant, but the date block is predated for "January ____, 2002," with the date of "14" scribed in the underlined blank. The Defendant advances no showing that, pursuant to Rule 4(d)(2), Federal Rules of Civil Procedure, the Plaintiff sought a waiver of service in compliance with the procedures delineated in the Rule. We are aware of no case law which allows a Defendant to accept service of a Summons and Complaint, without the same having been served upon the Defendant, or without a proper waiver under Rule 4(d)(2). We note, in particular, that Rule 4(d)(4), Federal Rules of Civil Procedure, allows an action to proceed "[w]hen the plaintiff files a waiver of service with the court." We are satisfied that some dimly illuminated gamesmanship is being played by both the Plaintiff, and the Defendant, in this matter, but for reasons that are not at all apparent. We need not join in their game. If the Defendant truly wanted to waive the service of process, which now appears to be his election, then the waiver could have been effected long before his current request to allow this now dated action to be further delayed for sixty days.

NOW, THEREFORE, It is --

RECOMMENDED:

That this action be dismissed for the Plaintiff's failure to comply with this Court's Order of December 10, 2001, for failure to effect proper service, and for lack of prosecution.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 8, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 8, 2002,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.